INTERSTATE CORRUGATED BOX COMPANY, INCORPO-
RATED, PLAINTIFF-APPELLEE, v. PETER STEIGER,
TRADING AS UNITED PEPSIN GUM COMPANY, DE-
FENDANT-APPELLANT.

Argued January term, 1925—Decided April 23, 1925.

Contracts—Judgment for Plaintiff for Breach of Defendant in
Refusing to Accept Completed Boxes Ordered—No Objection
or Exception Taken to Witness' Testimony Upon Which
Error ·is Assigned—No Error jn Admitting Testimony Re-
garding Trade Customs—Original Contract Not Before Court
—Answer and Counter-claim Not Printed in Record—Judg-
ment ·Affirmed.

On appeal from the Essex Irvington District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellee, *Samuel M. Hollander*.

For the defendant-appellant, *Abraham Henig*.

PER CURIAM.

This is an appeal from a judgment of the District Court
of the Second Judicial District of Essex county, in which
plaintiff obtained a verdict for damages in a suit based on
defendant's refusal to accept certain completed boxes which
defendant contracted to receive.

It is contended that the court erred in admitting the tes-
timony of one Saltzman. An examination of the record dis-
closes either that timely objection was not made to the admis-
sion of the testimony, or that no exception was taken to the
ruling thereon when made. In either event, the objection is
futile as a basis for reversal. *Doran* v. *Asbury Park,* 91 *N.
J. L.* 651.

It is also urged that the court erred in admitting testi-
mony as to the custom of the trade. Here, again, there is no

legal presentation of the question. In all the evidence given by the witness upon the pages referred to there was but a single exception taken, and that was taken when no question was pending to which it was applicable. Besides, the objection was based on the ground that, in order to prove a custom, the adverse party must have had knowledge of it, while the witness had already testified that defendant was familiar with the practice.

It is contended that the court erred in permitting a witness to testify as to interstate commerce commission regulations. This was on cross-examination, and was an effort to test the accuracy of the witness' statement that the boxes would not carry ninety pounds. Reference was made to the commission's regulations, and the witness replied that, irrespective of what was prescribed, practical experience shows that the box will not carry that quantity. Here, again, it is difficult to invoke a proper exception, but, in any event, the defendant was not harmed, because his own counsel had already quoted the regulations.

The final contention is that the judge erred in charging the jury that, if they decided the boxes were capable of carrying the weight which the plaintiff said they would carry, then they should find for the plaintiff $367.95.

This depends on the contract, and the original contract is not presented, being marked "uncipherable" in the state of the case. I incline to think the presumption would be that, under the contract, if produced, the plaintiff would be fulfilling the contract if the boxes were of the capacity stated. The plaintiff had demanded a specification of defense. An answer and counter-claim appear to have been filed, but neither is printed in the record returned. Under these circumstances it is impossible to tell whether any question, except that of the capacity of the boxes, was involved in the issue. In the absence of such proof, or a record showing it, the presumption will be that the charge properly submitted all the issues to the jury. *Home Coupon Ex. Co.* v. *Goldfarb*, 78 *N. J. L.* 146.

The other objections, where they are not covered by the disposition of the specific objections dealt with, we deem of not sufficient weight or materiality to warrant special discussion.

The judgment will be affirmed, with costs.